

Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

404 892 5005 main
404 892 5002 fax

<u>VIA ECF</u>

May 6, 2022

**Aamir A. Kazi**
Principal
kazi@fr.com
404 724 2811  direct

Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:    *W.P.V., on his own behalf and on behalf of his minor child, W.P.O. v. U.S., et al.*
       Civ. Action No. 1:21civ4436§

Dear Judge Cronan:

We represent Plaintiff W.P.V., on his own behalf and on behalf of his minor child, W.P.O. We submit this letter brief in response to Defendant Cayuga Home for Children, Inc. d/b/a Cayuga Centers' (hereinafter "Cayuga's") pre-motion letter brief dated May 3, 2022. Dkt. 52. Cayuga seeks permission to dismiss Plaintiff's Rehabilitation Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* As described herein, Plaintiff's Rehabilitation Act claim is adequately plead in the complaint and Cayuga's request should be denied.

The Rehabilitation Act prohibits discrimination against qualified persons with disabilities by entities, which receive federal funds. 29 U.S.C. § 794(a). Cayuga argues that Plaintiff has not plead that W.P.O. is disabled within the meaning of the Rehabilitation Act. But, this misunderstands Plaintiff's allegations. Under the Rehabilitation Act, a "disability" includes (1) a mental impairment that (2) substantially limits someone in one or more major life activities. 42 U.S.C. § 12102(1)(A).[1] Plaintiff's allegations satisfy both of these criteria.

Plaintiff alleges in detail that immense emotional trauma was inflicted on then four-year old W.P.O, from the danger he faced in Honduras, from his harrowing trip from that country to the United States border, and especially from his abrupt and purposefully traumatic separation from his father by government officials, which occurred immediately before he arrived at Cayuga and continued for about a month while he was in Cayuga's custody. Dkt. No. 1 (Compl.) at ¶¶ 45-68, 81-82. Plaintiff also specifically alleges that W.P.O. was severely traumatized. *Id.* at 98 ("As expected WPO was traumatized from the entire experience. Prior to the separation, WPO was a lively and talkative child. After the separation, however, WPO rarely speaks or expresses any emotion. WPO has also been very fearful of showers. WPO refuses to eat American food and still prefers to eat Honduran food."); *see also id.* at ¶¶ 92-94. Moreover, Plaintiff pleaded that ". . . WPO was taken by his extended family to a low-income medical clinic, where the doctors determined that WPO was suffering from trauma." *Id.* at ¶ 99. Further, Plaintiff alleges that "[i]t is well known that children subject to the conditions that

---

[1] The Rehabilitation Act takes its definition of "disability" from the Americans with Disabilities Act. *See* 29 U.S.C. § 705(9)(B).



Judge John P. Cronan
May 6, 2022
Page 2

W.P.O. was subject to suffer from post-traumatic stress disorder, generalized anxiety, and depression." *Id.* at ¶ 93. These are recognized as qualifying impairments under the Rehabilitation Act. *See, e.g., Arroyo v. Volvo Grp. N. Am., LLC*, No. 12-CV-6859, 2019 WL 4749869, at *4 (N.D. Ill. Sept. 30, 2019) ("PTSD is a disability under the ADA."); *see also Wade v. Montgomery Cty., Texas*, No. 4:17-CV-1040, 2019 WL 5653878, at *12 (S.D. Tex. Sept. 30, 2019), report and recommendation adopted sub nom. *Wade v. Montgomery Cty.*, No. 4:17-CV-1040, 2019 WL 5653629 (S.D. Tex. Oct. 31, 2019) ("Mental illness can be a qualified disability under the ADA."); *cf. Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 541 (S.D.N.Y. 2009) (both New York State and New York City "recognize depression as a disability").

Plaintiff also alleges that these impairments substantially limited life activities for W.P.O. Specifically, Plaintiff alleges that the trauma W.P.O. experienced substantially limited his ability to communicate and interact with others ("rarely speaks or expresses any emotion"), care for himself ("has been very fearful of showers"), and eat ("refuses to eat American food"), which inhibited his childhood development. *See* Dkt. No. 1 (Compl.) at ¶¶ 92-95, 98. These are major life activities under the Rehabilitation Act. *See* 29 C.F.R. § 1630(i)(1)(i) (describing "major life activities" as including *inter alia* ("but not limited to") sleeping, learning, concentrating, thinking, and "interacting with others").

For the reasons set forth herein, Plaintiff opposes Cayuga's motion to dismiss Plaintiffs' Rehabilitation Act claim and the request for the same.

Respectfully submitted,

Aamir A. Kazi
Principal