

Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

404 892 5005 main
404 892 5002 fax

VIA ECF

May 12, 2022

**Aamir A. Kazi**
Principal
kazi@fr.com
404 724 2811 direct

Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:   *W.P.V., on his own behalf and on behalf of his minor child, W.P.O. v. U.S., et al.*
      Civ. Action No. 21 Civ. 4435 (JPC)

Dear Judge Cronan:

We represent Plaintiff W.P.V., on his own behalf and on behalf of his minor child, W.P.O. We submit this letter brief in response to Defendant United States of America's (hereinafter "Government's") pre-motion letter brief dated May 9, 2022, Dkt. No. 56. The Government seeks permission to transfer and/or dismiss Plaintiff's Complaint. Dkt. No. 56 at 1. In support of its position, the Government states that it is "generally seeking to transfer [family separation] cases to the districts in which the separations occurred to promote efficiency and judicial economy." *Id.* at 3. As described herein, Plaintiff's claims are adequately plead in the Complaint and are not barred under the FTCA. Therefore, the Government's request should be denied.

**Motion to Transfer**

When determining whether to transfer an action to another district, a court must employ a two-step analysis. First, the court considers the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Once the party seeking transfer has made this showing, the court has discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

"Courts in the Second Circuit consider numerous factors in determining the balance of convenience and fairness on a motion to transfer including: (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). "While courts may consider these factors, there is no rigid formula for balancing these factors and no single one of them is determinative." *Id.* "Plaintiffs' choice of forum is generally entitled to deference." *Id.* at 479. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 197

Case 1:21-cv-04436-JPC   Document 57   Filed 05/12/22   Page 2 of 3



Judge John P. Cronan
May 12, 2022
Page 2

(S.D.N.Y.2000) (denying motion to transfer venue) (quoting *Seagoing Unif. Corp. v. Texaco, Inc.*, 705 F.Supp. 918, 936 (S.D.N.Y.1989)).

Plaintiffs have chosen to bring their claims in the Southern District of New York ("SDNY") and that choice should be given deference. Particularly here, because SDNY is the center of much of the relevant activity. As a part of the separation of parent and child, the Government delegated the care of W.P.O. to Defendant Cayuga Home for Children, Inc. d/b/a Cayuga Centers (hereinafter, "Cayuga") in the Southern District of New York. In doing so, the Government targeted the Southern District of New York, and records and witnesses relating to W.P.O.'s detention are in the Southern District of New York. As in *American Eagle*, considering that the principal expenditure of time in this action is likely to be in the discovery phase, any inconvenience to witnesses may be minimized by making accommodations during discovery, including, for instance, allowing for remote depositions. *American Eagle*, 457 F.Supp 2d at 478.

Accordingly, the Government has not made a sufficient showing that transfer is warranted.

**Motion to Dismiss**

The Government claims that the Complaint should be dismissed because the Court allegedly lacks subject matter jurisdiction. In support of this claim, the Government contends that (1) Plaintiff's claims are barred by the discretionary function exception, (2) Plaintiff's claims are barred by the due care exceptions to the FTCA, and (3) Plaintiff's claims are not cognizable under the FTCA because there is purportedly "no private person analog to the Plaintiffs' claims." Dkt. No. 56 at 3. The Government's proffered rationales for the inapplicability of Plaintiff's claims lack merit.

*First*, the Government's discretionary function exception argument rests on the premise that its actions were pursuant to its authority to enforce federal and criminal immigration laws and make detention determinations. This premise, however, is flawed. Plaintiff is not challenging the Government's authority to enforce federal and criminal immigration laws and make detention determinations. Rather, Plaintiff contends that Government officials engaged in tortious conduct by forcibly separating Plaintiff W.P.V. from his son, W.P.O., by refusing to provide W.P.V. information about W.P.O.'s whereabouts or well-being, then by continuing Plaintiff's separated detention for a prolonged time. Such conduct by the Government and its employees does not find any sanctuary in the FTCA's discretionary function exception. *See A.P.F. v. United States*, 492 F. Supp. 3d 989, 996–97 (D. Ariz. 2020); *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *4 (D. Ariz. Mar. 30, 2020); *Nunez Euceda v. United States*, No. No. 2:20-cv-10793-VAP-GJSx, 2021 WL 4895748, at *4 (C.D. Cal. Apr. 27, 2021).

*Second*, the FTCA's due care exception is also inapplicable here. *See* 28 U.S.C. § 2680(a) (precluding FTCA liability for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation



Judge John P. Cronan
May 12, 2022
Page 3

[is] valid"). Contrary to the Government's assertion, the Government did not have the statutory authority to separate W.P.V. and W.P.O., nor did the Government have statutory authority in its subsequent actions, including the transfer of custody of W.P.O. to Cayuga. Indeed, the Government's separation of W.P.V. and W.P.O. were conducted pursuant to executive policy, which is not shielded by the due care exception. *Nunez*, 2021 WL 4895748, at *4.

***Third***, the Government argues that Plaintiffs' claims are not cognizable under the FTCA because there is purportedly "no private person analog" to the Plaintiff's claims. Plaintiff respectfully disagrees. Courts across the country, including in the Second Circuit, have held that the Government's conduct, as pleaded in the Complaint, satisfies the private analog requirement. *See, e.g., Liranzo v. United States*, 690 F.3d 78, 97 (2d Cir. 2012) ("it does not follow from the fact that immigration is a quintessentially federal function that immigration detention is without a private non-federal officer analogue").

For the reasons set forth herein, Plaintiff opposes the Government's motion to transfer and in the alternative, motion to dismiss Plaintiffs' Complaint and the request for the same.

Respectfully submitted,

Aamir A. Kazi
Principal