

May 13, 2022

**VIA ECF and EMAIL (to CronanNYSDChambers@nysd.uscourts.gov)**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

    Re:    W.P.V., on his own behalf and on behalf of his minor child, W.P.O. v. U.S., et al.
           Docket No.: 21-CV-04436

Dear Judge Cronan:

    We represent Defendant Cayuga Home for Children, Inc. d/b/a Cayuga Centers (hereinafter "Cayuga Centers") in this action. We submit this letter in opposition to Defendant United States of America's (hereinafter "Government") request to transfer venue to the Western District of Texas. In the alternative, Cayuga Centers also seeks permission to move to sever the claims against each defendant, as the causes of action against Cayuga Centers arose in New York, are strictly based on W.P.O's brief stay at Cayuga Centers' Bronx facility, and are therefore governed by New York state law and not the Federal Tort Claims Act.

    **I.**    **MOTION TO TRANSFER**

    The Government seeks to transfer venue to the Western District of Texas based on the separation of W.P.O. and W.P.V at the border in El Paso, Texas after W.P.V.'s detention, and W.P.O's placement with family members in Dallas, Texas after being discharged from Cayuga Centers. However, the Government fails to consider the causes of action against Cayuga Centers, all of which are based on W.P.O's limited stay at Cayuga Centers in New York, and the Court's deference to plaintiffs' choice of venue in the Southern District of New York. Furthermore, the Complaint does not assert any causes of action arising out of W.P.O's current placement with relatives in Texas; therefore, besides the immediate border separation and W.P.V.'s subsequent deportation, all of the events giving rise to plaintiffs' claims occurred in New York.

    In deciding a motion to transfer venue, courts engage in a two-part inquiry. Burgos v. United States, No. 16-cv-7091 (RA), 2017 WL 2799172, at *2 (S.D.N.Y. June 27, 2017). "First, the court must determine whether the action could have been brought in the proposed transferee forum. . . [and] second, the court must [] determine whether transfer is appropriate." Id. (internal citation and quotation marks omitted).

*W.P.V., et al v. U.S., et al*
May 13, 2022
Page **2** of **3**

Additionally, courts will consider the following facts when determining whether transfer is appropriate: (1) the locus of operative facts; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) location of relevant documents and relative ease of proof; (5) relative means of the parties; (6) availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the circumstances. Am. Eagle Outfitters, Inc. v. Tala Bros Corp., 457 F.Supp.2d 474, 477 (S.D.N.Y. 2006). "While courts may consider these factors, there is no rigid formula for balancing these factors and no single one of them is determinative." Id. Furthermore, "plaintiffs' choice of forum is usually entitled to deference." Id. at 479. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Aerotel, Ltd v. Sprint Corp., 100 F.Supp.2d 189, 197 (S.D.N.Y. 2000).

In this case, the only connection to Texas, as it relates to plaintiffs' Complaint, occurred when W.P.O and W.P.V. were initially separated at the border in El Paso, Texas shortly after W.P.V. was detained for unlawfully entering the United States. Thereafter, W.P.O resided at Cayuga Centers for approximately one month.  All of the claims against Cayuga Centers arose in New York, all the witnesses to plaintiffs' temporary placement at Cayuga Centers' Bronx facility are located in New York, and plaintiffs themselves chose the Southern District of New York as the appropriate venue. Additionally, while W.P.O. was discharged to live with relatives in Dallas, Texas, none of the claims against either the Government or Cayuga Centers concern his current placement in Texas. The only connection to Texas is the initial separation after W.P.V.'s detention and subsequent deportation, a limited connection which does not outweigh all of the evidence supporting plaintiffs' choice of venue in the Southern District of New York.

Therefore, the Southern District of New York is the appropriate venue and Cayuga Centers' respectfully opposes the Government's motion to transfer venue to the Western District of Texas.

## II.     CAYUGA CENTERS' MOTION FOR SEVERANCE

In the alternative, Cayuga Centers' also seeks permission to move to sever the claims against both defendants, as the causes of action against the Government are separate and distinct from the causes of action against Cayuga Centers, which arose entirely in New York and are strictly based on W.P.O.'s limited residency in its Bronx Facility.

Rule 21 provides this Court with broad discretion to sever claims against each party. Fed. R. Civ. P. 21 ("The court may also sever any claim against any party.") Severing claims pursuant to Rule 21 would allow the claims against both defendants to move forward in separate jurisdictions, should the Western District of Texas be deemed an appropriate jurisdiction for plaintiffs' claims against the Government, while New York remains the appropriate venue for the claims against Cayuga Centers, which are entirely based on W.P.O's stay at its Bronx facility.

"[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independent." Cestone v. General Cigar Holdings, Inc*.,* 00 Civ. 3686(RCC)(DF), 2002

*W.P.V., et al v. U.S., et al*
May 13, 2022
Page **3** of **3**

WL 424654, *2 (S.D.N.Y. Mar. 18, 2002). Courts in the Second Circuit consider the following factors in determining if severance is appropriate: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. Id. at *2–3. Importantly, "severance requires the presence of only one of these conditions." Id.; cited by Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 502–03 (S.D.N.Y. 2013).

In this case, the claims against Cayuga Centers are based on New York state law and the Rehabilitation Act of 1973. Meanwhile, the claims against the Government are based on the Federal Tort Claims Act, which is inapplicable to Cayuga Centers. The claims against the Government are based on plaintiffs' initial border separation in El Paso, Texas and W.P.V.'s subsequent deportation, while the claims against Cayuga Centers are entirely based on W.P.O.'s approximately one-month stay at its Bronx facility. Federal immigration law is also irrelevant to the claims against Cayuga Centers, as plaintiffs' causes of action pertaining to W.P.O.'s stay against are grounded in New York state law governing negligence claims.

Lastly, plaintiffs have all but refused to engage in meaningful settlement negotiations with Cayuga Centers, and this case was in fact stayed for several months while plaintiffs and the Government attempted to negotiate a potential resolution, which was ultimately unsuccessful. Should the causes of action against both defendants be severed, it would provide a realistic opportunity for plaintiffs to revisit settlement negotiations with Cayuga Centers, meanwhile affording them the opportunity to litigate their federal claims against the Government in a separate venue, should the Western District of Texas be appropriate.

Therefore, Cayuga Centers also requests permission to move to sever the claims against each defendant, both to facilitate further litigation in the appropriate venue as well provide a meaningful opportunity to resolve the claims against Cayuga Centers through settlement negotiations between the two parties, without the need for a global resolution with the Government.

We thank the Court for its consideration.

Respectfully Submitted,

Rachael Marvin

cc:   All Counsel of Record (By ECF Only)

**COFFEY MODICA O'MEARA CAPOWSKI**

200 E. Post Rd. Suite 210 White Plains, NY 10601     212-827-4501     rmarvin@cmocllp.com