

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 20, 2022

By ECF and Email
(CronanNYSDChambers@nysd.uscourts.gov)
Hon. John P. Cronan
500 Pearl Street
New York, NY 10007

     Re: *W.P.V. and W.P.O. v. United States, et al.*, No. 21 Civ. 4436 (JPC)

Dear Judge Cronan:

     This Office represents Defendant the United States ("Defendant" or the "Government") in the above-referenced case, which Plaintiffs bring pursuant to the Federal Tort Claims Act ("FTCA"). Over the past several weeks, the parties have submitted pre-motion conference letters to the Court. These letters have addressed Defendant's anticipated motion to transfer and/or motion to dismiss and Cayuga Home for Children's ("Cayuga") partial motion to dismiss. *See* Dkt. Nos. 52, 55, 56, 57, 60. On May 13, 2022, the Court ordered the parties to confer and submit a status update by May 20, 2022, with respect to a briefing schedule and a sequencing of the proposed motions. *See* Dkt. No. 58. The parties provide their respective positions herein.

**<u>The Government's Position</u>**

     As noted in its pre-motion letter, the Government believes that this action should be transferred to the Western District of Texas for the reasons described in that letter, including, but not limited to, the fact that Plaintiffs crossed the border in Texas, were separated in Texas, WPV was never present in New York, WPO was only present in New York for approximately one month (and now lives in Texas), and the relevant witnesses to the separation are in Texas. Indeed the only tie to New York is the one month that WPO spent in the custody of Cayuga (a non-federal entity) after the separation occurred in Texas. *See* Dkt. No. 56.

     Accordingly, the Government respectfully submits that the parties should not brief the motion to dismiss unless the Court denies the transfer motion.[1] Therefore, the Government suggests the following briefing schedule with respect to the transfer motion:

(1) The Government's motion to transfer to be filed 45 days after the Court sets the briefing schedule;
(2) Any opposition to that motion to be filed 45 days thereafter;

---

[1] The Government respectfully requests that if the Court adopts the Government's proposal, then its deadline to respond to the complaint be stayed until the transfer motion is decided.

(3) The Government's reply to be filed 14 days after any opposition is filed.

If the transfer motion is granted, then the briefing for the motion to dismiss can be managed by the court to which the action is transferred. If the transfer motion is denied, the Government submits that the parties can confer and propose a briefing schedule to the Court with respect to any motions to dismiss that either of the Defendants seek to file (including any motion to dismiss that Cayuga seeks to file).[2]

**Cayuga's Position**

As provided by Cayuga's pre-motion conference request, Cayuga seeks permission to move to dismiss plaintiffs' cause of action arising under the Rehabilitation Act of 1973.

Additionally, the Government seeks to transfer venue to the Western District of Texas, which Cayuga opposes on the basis that *all* claims against Cayuga arose in New York based on WPO's one-month stay at its Bronx facility, are entirely based on New York State law, and Cayuga has no reason to anticipate litigating in the Western District of Texas – as *all* of its witnesses with any knowledge of WPO's care/custody are located in New York.

That being said, the Government requests the Court hear its motion to transfer first, before briefing on the anticipated motions to dismiss. Cayuga agrees with this proposal and the Government's position outlined above.

Should the Government's motion to transfer be DENIED, Cayuga requests the parties meet and confer to determine the appropriate briefing schedule for defendants' motions to dismiss.

Alternatively, should the Government's motion to transfer be GRANTED, Cayuga requests the parties similarly meet and confer on Cayuga's anticipated motion for severance to determine the appropriate briefing schedule at that time. (See FN 2).

**Plaintiffs' Position**

Plaintiffs' respectfully submit that the Government's and Cayuga's motions to dismiss and transfer should be addressed as part of a single, consolidated schedule, as provided in the table below—instead of the tiered briefing structure that the Government and Cayuga propose.

---

[2] If the transfer motion is granted and Cayuga seeks to sever the action, then the parties can confer on that issue at that time to determine if briefing on that issue is necessary.

| Opening Motions | (1) Cayuga's motion to dismiss<br><br>(2) Government's motion to transfer and motion to dismiss | 45 days after the Court sets the briefing schedule |
|---|---|---|
| Opposition to Initial Motions | (1) Plaintiffs' opposition to Cayuga's motion to dismiss<br><br>(2) Plaintiffs' opposition to Government's motions<br><br>(3) Cayuga's opposition to Government's motion to transfer | 45 days after due date for opening motions |
| Reply | (1) Cayuga's reply to Plaintiffs' opposition to Cayuga's motion<br><br>(2) Government's reply to Plaintiffs' opposition to Government's motions<br><br>(3) Government's reply to Cayuga's opposition to Government's motion to transfer | 15 days after due date for opposition |

Plaintiffs request adoption of this schedule for three reasons.

***First***, addressing all the motions as part of the same briefing schedule allows timely resolution of these motions, which in turn allows the parties to proceed to litigate this case (assuming the motions to dismiss do not result in the case being dismissed). For nearly a year since the complaint was filed, Plaintiffs were engaged in settlement discussions with the Government and Cayuga. Given that the parties were unable to reach settlement, Plaintiffs desire to proceed to litigating this case in earnest and as expediently as possible. A tiered motion briefing schedule, as proposed by the Defendants, has the potential to delay any substantive litigation on the merits for six to twelve months.

***Second***, Plaintiffs submit that their below-proposed schedule promotes judicial efficiency by allowing the Court weigh in on the Defendants' interrelated motions at once (instead of having to address the various motions in a piecemeal fashion over the course of many months).

***Third***, Plaintiffs are unaware of precedent in this District that authorizes a non-Rule 12 motion to be submitted in lieu of an answer or a Rule 12 motion. Here, the Government's motion to transfer to a different venue is not a Rule 12 motion because it is ***not*** based on improper venue (under FRCP 12(b)(3)). Moreover, per this Court's rules, a "party's submission of a pre-motion letter in connection with a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the deadline to move to dismiss." *See* Judge Cronan's Individual Rules and Practices in Civil Cases, p. 8 (revised January 18, 2022). Although the

Government's motion to transfer was raised in the same letter where the Government sought a motion to dismiss (Dkt. 56), Plaintiffs do not believe that the filing of that pre-motion letter authorizes the Government to pursue a non-Rule 12 motion (i.e., motion to transfer to a different venue) in the first instance and defer its Rule 12 motion (motion to dismiss) until after the resolution of the motion to transfer.

The parties thank the Court for its attention to this matter.

Respectfully,

/s/ Aamir A. Kazi
Aamir A. Kazi  *(pro hac vice)*
GA Bar No. 104235
Karan Jhurani (*pro hac vice*)
GA Bar No. 290326
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: 404-892-5005
Fax: 404-892-5002
kazi@fr.com

***Attorney for Plaintiff W.P.V., on his own behalf and on behalf of his minor child, W.P.O.***

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

/s/ Alexander J. Hogan
ALEXANDER J. HOGAN
REBECCA R. FRIEDMAN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799/2614
E-mail: alexander.hogan@usdoj.gov
            rebecca.friedman@usdoj.gov

                COFFEY MODICA O'MEARA, LLP

                */s/ R Marvin*
                _____
                ROBERT MODICA
                RACHAEL MARVIN
                Attorneys for Defendant
                *Cayuga Home for Children, Inc. d/b/a/ Cayuga Centers*
                200 East Post Road, Suite 210
                White Plains, NY 10601
                (212) 827-4501
                rmarvin@cmollp.com