UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

W.P.V. & W.P.O.,

    Plaintiffs,

        - against –

UNITED STATES OF AMERICA and CAYUGA
HOME FOR CHILDREN,

        Defendants.

21 Civ. 4436 (JPC)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANT UNITED STATES OF AMERICA'S MOTION TO TRANSFER VENUE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant United States
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2614 / 3274

REBECCA R. FRIEDMAN
MOLLIE KORNREICH
Assistant United States Attorneys
    – Of Counsel –

**PRELIMINARY STATEMENT**

Plaintiffs' arguments against transferring this matter to the Western District of Texas are predicated primarily on the lone fact that there was a period of time, following the decision to separate W.P.O. and W.P.V., when W.P.O. was in the custody of Cayuga Centers[1] in New York. However, that fact alone should not weigh heavily in the venue analysis. Rather, the critical facts are that the decision to separate the Plaintiffs was made in the Western District of Texas, while they were detained there, W.P.O. himself currently resides in Texas, and many of the primary witnesses, including the witnesses regarding the degree to which W.P.O. was harmed by his time in New York, are located in Texas as well. Given the locus of the allegedly tortious conduct, the location of key witnesses for both parties, Plaintiffs' residence, and other relevant factors, this action should be transferred to the Western District of Texas.

**ARGUMENT**

**I.   Convenience of Witnesses, Availability of Compulsory Process, Trial Efficiency, and the Interests of Justice Favor Transfer**

Contrary to Plaintiffs' assertion, this District is not a convenient forum for a number of the witnesses who might be called to testify regarding W.P.O.'s time in New York. (*See* Plaintiffs' Response in Opposition to Defendant's Motion to Transfer Venue ("Opp.") (ECF No. 72) at 13.) To the extent W.P.O. might testify regarding his experience, he is located in Texas. Further, key witnesses regarding how W.P.O. was harmed by the separation, including during the period he was in New York, will likely include the ORR sponsor to whom W.P.O. was released (his aunt and uncle in Texas), as well as the individuals who currently care for or evaluate W.P.O., who are also likely to be in Texas (and may be unwilling to travel to this District). Plaintiffs note that there

---

[1] The defined terms in the Government's opening brief, ECF No. 67 ("moving brief" or "Govt. Br."), are used in this brief as well.

may be additional witnesses in New York (Opp. at 13), but the matters on which any such witnesses might testify—which Plaintiffs describe as "the circumstances surrounding W.P.O.'s transfer to and arrival at the Cayuga Centers, his physical and mental condition upon his arrival. . . and for the duration of his custody. . . and the circumstances around his subsequent release. . . ." (*see* Opp. at 13)—primarily relate to damages, not the underlying allegedly tortious conduct. Moreover, despite having access to W.P.O.'s ORR file, which was produced to Plaintiffs in this action in November 2021, Plaintiffs have not identified a specific individual or set of individuals located in New York who are likely to testify on any of these subjects.

Plaintiffs' assertion that the Government can compel its employees who are witnesses to the initial detention and decision to separate to travel to this District, misses the point. (Opp. at 14). Such compulsory attendance is burdensome for the reasons described in the Government's moving brief. (*See* Govt. Br. at 12-13.) And while some of the third-party contractors and former employees identified by the Government may not be subject to the subpoena power of the Western District of Texas or this Court (Opp. at 15),[2] any such individuals are more likely to voluntarily appear in the Western District of Texas, given its geographic proximity to where they work or have worked.

Finally, Plaintiffs note (correctly) that the relevant third-party witnesses may be deposed in this action, regardless of whether they can be compelled to testify in person at trial in this District. (Opp. at 15.) However, even if, as Plaintiffs argue, live testimony is not inherently preferable (Opp. at 15), live testimony is particularly important here for witnesses for whom the

---

[2] Plaintiffs assert that witnesses "outside Texas could likely not be compelled to attend trial in the Western District of Texas" (*see* Opp. at 15), but the Western District of Texas, like this Court, has the power to subpoena a witness who resides, is employed, or regularly transacts business within 100 miles of the court, or who resides within the state and is commanded to attend a trial and would not incur substantial expense. *See* Fed. R. Civ. P. 45(c)(1)(A), (B)(ii).

Court will have to make a credibility determination, including those testifying regarding the impact of the separation on W.P.O. *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002) ("Live testimony is especially important . . . where the factfinder's evaluation of witnesses' credibility is central to the resolution of the issues"). These witnesses are likely to be in or close to the Western District of Texas.

In short, Plaintiffs' repeated assertion that trial efficiency does not favor transfer because W.P.O. was in the custody of Cayuga Centers for part of the relevant period, and this is "part and parcel of the same tortious act stemming from the Government's separation of Plaintiffs," does not withstand scrutiny. (Opp. at 18.) As shown above and in the Government's moving brief, it would be much more efficient and in the interests of justice to move the case to a district where many of the witnesses are located and the critical acts that establish the factual basis for this litigation took place, in the state where one of the Plaintiffs lives.

**II.    Convenience of the Parties Favors Transfer**

Plaintiffs have not pointed to any facts suggesting that they would be inconvenienced by a transfer. (*See* Op. at 10-12.) As noted in the Government's moving brief, W.P.O. resides in Texas, and W.P.V. resides in Honduras, which is substantially closer to Texas than it is to New York.[3]

Plaintiffs maintain that the Government's moving brief did not state that proceeding in this District is "inconvenient" for the Government, but rather that proceeding in the Western District of Texas would be "more convenient." (Opp. at 10.) As is clear from the Government's moving

---

[3] Contrary to Plaintiffs' suggestion (Opp. at 12 n. 4), the Government does not contend that the location of Plaintiff's counsel weighs in favor of transfer. The Government's moving brief noted that Plaintiff's counsel are not located in New York to forestall any argument by Plaintiffs that New York is a convenient forum due to the location of their counsel. Based on the ECF docket and their initial appearances in this action, it appeared that Plaintiffs' counsel was located in Georgia and Delaware (Govt. Br. at 14); in their Opposition, Plaintiffs state that one of their counsel is now located in New York (Opp. at 12 n.4). Regardless, the Western District of Texas does not seem to be a substantially less convenient location for Plaintiffs' counsel, let alone for Plaintiffs themselves.

brief, however, absent a transfer of venue, a number of Government employee witnesses would likely be required to travel from in or near Texas to New York for the trial, foregoing substantial time at their posts.  That obviously renders venue here inconvenient.  *See Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (convenience of party and nonparty witnesses is the "single most important factor").  Given Plaintiffs' residence and the inconvenience to the Government, this factor favors transfer.[4]

### III.   Plaintiffs' Choice of Forum Does Not Weigh Heavily Against Transfer

Plaintiffs contend that their choice of forum is entitled to deference.  (Opp. at 7-10.)  But that deference is "significantly diminished" where, as here, Plaintiffs do not reside in this District and the primary conduct that will be the subject of this action did not take place here.  *See EasyWeb Innovations, LLC v. Facebook*, Inc., 888 F. Supp. 2d 342, 348–49 (E.D.N.Y. 2012); *Thomas Am. Corp. v. Fitzgerald*, No. 94 Civ. 0262 (CBM), 1994 WL 440935, at *5 (S.D.N.Y. Aug. 11, 1994) ("[T]he plaintiff's choice of forum is accorded less weight where the plaintiff's chosen forum is neither plaintiff's home nor the place where the operative facts of the action occurred.").  Rather than automatically affording significant deference to Plaintiffs' forum choice, "district courts should locate the degree of deference to be afforded a plaintiff's forum choice on a 'sliding scale depending on the degree of convenience reflected by the choice in a given case.'"  *Maverick Fund, L.D.C. v. Lender Processing Servs., Inc.,* No. 13 Civ. 5474 (DLC), 2013 WL 6467889, at *2 (S.D.N.Y. Dec. 10, 2013) (quoting *Norex Petroleum Ltd. v. Access Indus, Inc.* 461 F.3d 146, 154 (2d Cir. 2005), which addressed the related doctrine of *forum non conveniens*).  Plaintiffs assert that "this Court has accorded significant weight to a plaintiff's choice of forum, even when the operative events" have occurred elsewhere, but the case they cite for that proposition involved a

---

[4] In light of the anticipated dismissal of the claims against Cayuga Centers (see ECF No. 71), the Government and Plaintiffs are the only parties relevant to this analysis.

plaintiff with its primary place of business in this District.  (*See* Opp. at 7 (citing *Hubbell-Petang v. Hotel Rsrv. Serv., Inc*., No. 20 Civ. 10988 (GBD), 2022 WL 602900, at *6 (S.D.N.Y. Mar. 1, 2022)).)  In sharp contrast, Plaintiffs do not reside in or even near the Southern District of New York.

Again, Plaintiffs' argument that their forum choice is entitled to deference relies on the lone fact that W.P.O. was in the Southern District of New York for a portion of the period of separation (Opp. at 8-9).  But as discussed *supra*, that ignores the fact that the primary conduct at issue in this case—the decision to separate Plaintiffs and the act of separating them—did not occur in this forum, and most of the witnesses, including Plaintiffs themselves, are not located here.

## IV.     <u>Texas Law Governs Plaintiffs' Claims</u>

Contrary to Plaintiffs' assertion (Opp. at 17), Texas tort law governs their claims against the Government.  Applying New York State's choice of law rules, *see Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989), this Court would apply the law of the place of the tort, *see Padula v. Lilarn Props. Corp*., 84 N.Y.2d 519, 522 (1994).  Plaintiffs' contention that New York law would apply to their claims disregards that the primary action they allege to be tortious took place in Texas, and W.P.V. is only alleged to have been detained in Texas and New Mexico before his removal.  (Compl. ¶¶ 24, 75.)  Accordingly, in light of Plaintiffs' anticipated settlement with Cayuga Centers, Texas law will likely govern the remaining claims in this matter.  This factor therefore supports transfer.  *See Jones v. United States*, No. 02 Civ. 1017 (JG), 2002 WL 2003191, at *4 (E.D.N.Y. Aug. 26, 2002).

## V.     <u>The Location of Proof and Relative Means of the Parties Are Neutral Factors</u>

The remaining factors in the venue analysis do not favor either party.  While Plaintiffs reference "documents that are located solely in New York" (Opp. at 16), they do not specify what those documents are.  W.P.O.'s ORR file, which contains extensive information regarding his time

at Cayuga Centers, including intake paperwork, clinician reports, sponsor and discharge records, and more, has already been produced.  To the extent Cayuga Centers has additional documents, they may be entirely electronic and easy to transfer.  Thus, this factor does not weigh either for or against transfer.

Likewise, because Plaintiffs have not asserted, much less shown, that transfer would be unduly burdensome on their finances, the means-of-the-parties factor is similarly neutral.  (*See* Govt. Br. at 17; Opp. at 17.)

## CONCLUSION

For the foregoing reasons and those set forth in the Government's moving brief, the Court should grant the United States' motion to transfer this case to the United States District Court for the Western District of Texas.

Dated:   New York, New York
        August 5, 2022

                                      Respectfully submitted,

                                        DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant United States*

By: */s/ Rebecca Friedman*
REBECCA R. FRIEDMAN
MOLLIE KORNREICH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2614 / 3274
Fax: (212) 637-2686
rebecca.friedman@usdoj.gov
mollie.kornreich@usdoj.gov