UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| W.P.V., on his own behalf and on behalf of his minor child, W.P.O.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>United States of America, Cayuga Home for Children, Inc. d/b/a Cayuga Centers,<br><br>　　　　　Defendant. | Civil Action No. 1:21-cv-04436-JPC<br><br>**JURY TRIAL DEMANDED** |

**AFFIRMATION OF AAMIR KAZI IN SUPPORT OF PLAINTIFFS' AND CAYUGA CENTERS'S JOINT MOTION FOR LEAVE TO SETTLE MINOR CHILD W.P.O.'S CLAIMS AGAINST CAYUGA CENTERS**

Aamir Kazi, an attorney duly admitted to practice before this Court hereby declares pursuant to 28 U.S.C. § 1746 that the following are true and correct:

1. I am an attorney of Fish & Richardson P.C. and I am counsel for Plaintiff W.P.V., on his own behalf and on behalf of his minor child W.P.O. I am fully familiar with the facts and circumstances of this action.

2. Plaintiffs' cause of action arises out of the care provided to W.P.V.'s minor child, W.P.O. during his detention at Cayuga Centers.

3. Minor child W.P.O. was born in 2013 and is nine years old. When minor child W.P.O. was four years old, he was forcibly separated from his father, W.P.V. by the United States of America. After the forcible separation, W.P.O. was detained at Cayuga Centers.

4. Minor child W.P.O. now resides with his father in Dallas, TX.

5. After settlement discussions with Cayuga Center's counsel, in which Cayuga Centers provided discovery concerning W.P.O.'s detention, an agreement was reached to resolve W.P.V. and W.P.O.'s claims against Cayuga Centers for a total amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in exchange for a General Release. Ex. 1 (General Release).

6. As counsel for W.P.V., on his own behalf and on behalf of his minor child W.P.O. I have recommended settlement given the circumstances of the instances giving rise to this litigation and the nature and extent of injuries alleged to have been sustained and suffered by W.P.O.

7. W.P.V. has given his consent to the settlement of this litigation on behalf of his child.

8. I am representing W.P.V. and W.P.O. pro bono.

9. Neither I nor anyone associated with Fish & Richardson P.C. has become concerned, directly or indirectly in the settlement of this claim at the instance of a party or person opposing, or with interests adverse to W.P.O. nor will we receive any compensation from such party.

10. The services rendered by Fish & Richardson P.C., including myself, in pursuit of W.P.O.'s claims and rights include but are not limited to: investigating the incident and circumstances surrounding the incident alleged in the Complaint; performing legal research concerning the merits of the case; drafting the Complaint; and negotiating the settlement with defense counsel.

11. Upon approval of this compromise by this Court, declarant will ensure that W.P.O.'s father, W.P.V., executes the General Release, and will arrange for the disposition of the settlement monies.

12. Given all the facts and circumstances of the above-captioned litigation including issues related to liability and issues related to damages, I believe the settlement sum is reasonable and I have advised W.P.V. that, if such is acceptable to them, it is a reasonable settlement.

13. No prior application has been made to this or any other Court for the relief requested herein.

Executed this 13th day of January, 2023.

_____